Ruben OLAGUEZ–GARCIA, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 98–8074.

United States Court of Appeals,
Seventh Circuit.

Aug. 5, 1998.*

John H. Doeringer (submitted), Matteson, IL, for Petitioner.

James A. Hunolt (submitted), Department of Justice, Civil Division, Immigration Litigation, Washington, DC, for Respondent.

RIPPLE, Circuit Judge (in chambers).

■ The petitioner has presented to me a pleading styled an emergency writ for a petition for a writ of habeas corpus. He has also presented to the motions panel of this court another pleading cast as an emergency motion for a stay of deportation. The motions panel has denied this later motion. It is clear that the deportation order is based on a finding by the Board of Immigration Appeals that the petitioner has been convicted of a drug offense which, under current law, precludes review in this court. *See Turkhan v. INS,* 123 F.3d 487, 489–90 (7th Cir.1997).

■ Under these circumstances, the common-sense disposition of the emergency petition for a writ of habeas corpus would be a simultaneous denial. Section 2241 of the Judicial Code gives an individual circuit judge the authority to entertain a petition for a writ of habeas corpus. The statute further requires that the order of the circuit judge be entered in the records of the district court "wherein the restraint complained of is had." 28 U.S.C. § 2241.

Rule 22 of the Federal Rules of Appellate Procedure appears, however, to preclude this common-sense solution. It categorically precludes the entertainment of a petition for a writ of habeas corpus and requires its transfer to the district court. The result is to require the time and energy of a district court to review essentially the same matter that has already been ruled upon by the motions panel of the court of appeals. Perhaps it is time for a reassessment of the categorical language of Rule 22 which quite clearly negates the flexibility that the Congress intended the courts to have in order to dispatch efficiently their business. No doubt it would also be prudent to make explicit, perhaps by statutory amendment, that the decision of the individual circuit judge ought to be subject to review by the entire court. *Cf. Hohn v. United States,* —— U.S. ——, ——, 118 S.Ct. 1969, 1974, 141 L.Ed.2d 242 (1998).

Accordingly, the emergency petition for habeas corpus is transferred to the United States District Court for the Northern District of Illinois, the district in which the alleged place of incarceration is located. The Clerk also is directed to transmit to that

* Because of time considerations, this opinion is released initially in typescript form.

court a copy of this court's order denying the emergency motion for a stay of deportation.

IT IS SO ORDERED.